IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PHI VAN NGUYEN, ) | |
| ) | |
| Defendant-Petitioner, ) | |
| ) | |
| v. ) | No. 1:15-cr-00350 (LMB) |
| ) | No. 1:17-cv-00697 (LMB) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Phi Van Nguyen ("Nguyen" or "movant") has filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate") [Dkt. No. 214], in which he raises four claims of ineffective assistance of his counsel, Christopher Amolsch ("Amolsch"). Specifically, he alleges that Amolsch failed to investigate Nguyen's criminal conduct in order to better negotiate a plea agreement; assured him that the maximum sentence he would receive under his plea agreement was 60 months, although he received a sentence of 87 months; failed to object to this sentence for being in excess of the plea agreement and disparate from the sentences of his co-defendants; and did not file a notice of appeal as requested. For the reasons that follow, the Motion to Vacate will be dismissed.

## I. BACKGROUND

On April 14, 2016, a grand jury returned a superseding indictment charging Nguyen with 19 counts, including conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841 (Count 1), as well as distribution of crack cocaine (Count 2), distribution of "Molly" (Counts 3–12, 15–19), and distribution of cocaine (Counts 13–14). Superseding Indictment [Dkt. No. 98]. On June 28, 2016, Nguyen appeared with Amolsch and pleaded guilty

under a written plea agreement to only Count 1, an offense which carried a mandatory minimum sentence of five years to a maximum of 40 years of incarceration Dkt. No. 161. In exchange for that plea, the remaining counts were dismissed. Id. As part of the written plea agreement, Nguyen also signed a statement of facts under the penalty of perjury in which he admitted that he conspired to unlawfully, knowingly, and intentionally distribute 500 grams or more of cocaine in the northern Virginia area. Stmt. Facts [Dkt. No. 163] ¶ 1 He also admitted supervising other conspirators—including co-defendants Phong Thanh Nguyen, Son Dang Nguyen, and Khahn Linh Dong—in the distribution of cocaine. Id. ¶ 4.

Nguyen was sentenced on October 7, 2016, to 87 months of incarceration, with credit for time served followed by five years of supervised release. Dkt. No. 202. In addition, the Court imposed a $100.00 special assessment. Id. Although no direct appeal was filed, Nguyen timely filed his Motion to Vacate.

## II. DISCUSSION

### A. Standard of Review

A motion to vacate under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence when the conviction or sentence was imposed in violation of the United States Constitution or laws, when the court lacked jurisdiction to impose the sentence, when the sentence was in excess of the maximum authorized by law, or when the conviction or sentence is otherwise subject to a collateral attack. See 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. See Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would be

"inconsistent with the rudimentary demands of fair procedure or constitute[ ] a complete miscarriage of justice." United States v. Vonn, 535 U.S. 55, 64 (2002) (quoting United States v. Timmreck, 441 U.S. 780, 783 (1979)). A § 2255 motion "may not do service for an appeal," and claims that have been waived are therefore procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165–67(1982). There is an exception to this rule when a defendant brings a claim of constitutionally ineffective assistance of counsel. See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). Under § 2255(b), a movant is to be granted an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

### B. Ineffective Assistance of Counsel

Nguyen is not challenging the voluntariness of his guilty plea, nor is he claiming to be actually innocent of the conspiracy. In his own words, he admits "it should be pointed out that [movant] is not challenging whether he was or wasn't guilty in [sic] the charged offense. [Movant] is challenging the long term of time gave to him [sic] by the sentencing judge, due to the ineffectiveness of his lawyer." Pet'r's Reply Gov's Resp. Opp'n ("Reply") [Dkt. No. 224] at 13. To establish an ineffective assistance of counsel claim, Nguyen must show both that (1) "counsel's performance was deficient" and that (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance occurs when "counsel's representation fell below an objective standard of reasonableness." Id. at 688. A movant can show prejudice when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A mere showing that "the errors had some conceivable effect on the outcome of the proceeding" is not

enough; a reasonable probability requires that the errors are "sufficient to undermine confidence in the outcome." Id. at 693–94.

Where a movant pleads guilty, as Nguyen did, he must meet a heightened burden of proving prejudice by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57–59 (1985); see also United States v. Dvess, 478 F.3d 224, 237 (4th Cir. 2007). Such movants must also "convince the [C]ourt that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). In making this showing, Nguyen's "subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

During the plea colloquy, for which a court certified Vietnamese language interpreter was present,[1] Nguyen affirmed that he had enough time to review the plea agreement and to ask his lawyer all the questions he had about the agreement.

> THE COURT: Now, were you able to read the plea agreement for yourself?
> THE DEFENDANT: Yes.
> THE COURT: All right. And did you read it entirely? Did you read every word of this plea agreement?
> THE DEFENDANT: Yes.
> THE COURT: And did you discuss it thoroughly with Mr. Amolsch?
> THE DEFENDANT: Yes.
> THE COURT: Have you asked your lawyer all the questions that you have about this plea agreement?
> THE DEFENDANT: Yes.
> THE COURT: And has your lawyer answered all of your questions to your satisfaction?
> THE DEFENDANT: Yes.

---

[1] Nguyen can understand and speak English without difficulty, but a Vietnamese language interpreter was present and stood near Nguyen during the plea colloquy in case he had any questions. Plea Hr'g Tr. at 3:9–23.

4

Plea Hr'g Tr. at 6:17-7:6. Importantly, under Fourth Circuit precedent, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen., of Md., 956 F.2d 1290, 1299 (4th Cir. 1992); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("In the absence of extraordinary circumstances ..., allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false.") (internal quotation marks omitted). As the Supreme Court has explained,

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 74 (1977).

1. Failure to Investigate

Nguyen claims that counsel failed to properly investigate his conduct in order to negotiate a better plea agreement with the government. Motion to Vacate at 5. Outside of this single sentence, Nguyen does not expand upon this assertion and does not identify any conduct or information that his counsel overlooked which could have aided in plea negotiations. Amolsh has responded by affidavit to Nguyen's claims and avers that he did engage in a reasonable investigation before negotiating the plea agreement by reviewing all discovery that was available, consulting with Nguyen's previous counsel, and interviewing Nguyen and his co-defendant. Amolsh Aff. [Dkt. No. 222-6] ¶ 1. Nguyen concedes that he was "trying to plea [sic] guilty from the very beginning of the case," Reply at 12, which undercuts his ability to establish that "but for" the alleged ineffective assistance of counsel, "he would not have pleaded guilty

5

and would have insisted on going to trial." Hill, 474 U.S. at 59. In addition, during the plea colloquy, Nguyen agreed that he was "fully satisfied with the way in which Mr. Amolsch has worked for [him] in this case" Plea Hr'g Tr. at 23:16-18. In his Reply, Nguyen again acknowledges that he stated at his plea colloquy that he was satisfied with his counsel but argues that he had not been sentenced when he made that admission. Reply at 14. This argument is frivolous because any investigations or lack thereof would have occurred before sentencing. In reaffirming that he was satisfied with counsel up until sentencing, Nguyen undercuts his argument that counsel was ineffective in failing to investigate. Any complaint as to counsel's failure to investigate could have been raised at the plea colloquy, and Nguyen failed to do so. Therefore, his claim that counsel was ineffective in failing to properly investigate is meritless.

2. Counsel's Misrepresentations about Potential Sentencing

Next, Nguyen argues that his counsel told him that, under the plea agreement, his maximum sentence would be 60 months, yet he received a sentence of 87 months. Motion to Vacate at 12. This claim contradicts Nguyen's admissions during his plea colloquy, during which the Court clarified that there was no guarantee the Court would impose any estimated sentence either his lawyer or the prosecutor had mentioned and asked Nguyen whether he understood that there was no guaranty as to what sentence would be imposed.

> THE COURT: Do you understand that no matter what Mr. Amolsch may have told you he thinks your guideline numbers will be or no matter what kind of estimate he may have given you about your possible punishment or sentence in this case or if the prosecutors or the case agents or anyone else has said, well, you're probably looking at such-and-such sentence, none of those discussions are binding on the Court? Do you understand that?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And so if at the sentencing hearing you receive a sentence that is different from what you might be expecting or hoping for, that does not mean that your plea agreement has been violated, and it will not give you a basis to withdraw your guilty plea. Do you understand that?
> THE DEFENDANT: Yes, ma'am.

Plea Hr'g Tr. at 16:2-16.

In addition, Nguyen admits that he "did understand that the Court was not bound by any advice or promise that he may have received." Reply at 12. In his affidavit filed along with the government's Opposition, Amolsh states that he informed Nguyen that 60 months was the minimum sentence he could receive, not the maximum. Amolsch Aff. ¶ 2. Given Amolsch's affidavit and Nguyen's statements during the plea colloquy, which must be accorded a "strong presumption of validity," Blackledge, 431 U.S. at 74, the Court finds that Nguyen has failed to make any showing that he was promised a 60-month sentence.

### 3. Failure to Object at Sentencing

Nguyen also argues that counsel failed to object that the 87-month sentence exceeded the sentence discussed in plea negotiations and would be a disparate sentence when compared to with co-defendants' sentences. As discussed above, Nguyen was clearly advised that the Court was not bound by whatever sentence was discussed in plea negotiations and counsel could not object on that basis. Moreover, counsel's advocacy at the sentencing hearing was neither deficient nor prejudicial. Contrary to Nguyen's allegations,[2] Amolsch argued in both his sentencing memorandum and during the hearing that Nguyen should receive a sentence at the low-end of the Guidelines range because he was arguably less culpable than co-defendant Melitza Rivera, who received a five-year sentence. Sent. Hr'g Tr. at 13:21-14:1. The Court disagreed and felt that there was "no question that [he was] the top person in this multi-defendant case." Id. at 15:14-15. Nguyen conceded as much in his statement of facts, admitting to supervising other conspirators in the distribution of cocaine. Stmt. Facts ¶ 4. Therefore, Nguyen

---

[2] Nguyen argues that "[h]ad defense counsel reminded the Court that Melitza Rivera was sentenced on June 24, 2016 to 60 months ... undoubtedly the Sentencing Judge would have taken into consideration the sentence disparity." Motion to Vacate at 13.

is incorrect in his assertion that counsel failed to object to the disparity of his sentence; the Court heard but ultimately rejected counsel's argument.

Furthermore, although the Court may have sentenced Nguyen at the high end of his ultimate Guidelines range, that sentence was still less than what was recommended by the Probation Office in the Presentence Investigation Report ("PSR") [Dkt. No. 67] and requested by the government. Dkt. No. 91. The sentencing range in the PSR was 97 to 121 months, the government requested 120 months, and Nguyen received a sentence of only 87 months. Counsel filed multiple pleadings objecting to the initial Guidelines range of 97 to 121 months, Dkt. Nos. 191 & 200, and the Court did ultimately recalculate the Guidelines range, to Nguyen's benefit. Sent. Hr'g Tr. at 9:7-13. Therefore, Nguyen's claim that counsel failed to object to his sentence is without merit.

   4. <u>Failure to File a Notice of Appeal</u>

Nguyen argues that, immediately after sentencing, he asked Amolsch to file a notice of appeal, but that counsel failed to file the notice. In <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 480 (2000), the Supreme Court ruled that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." In interpreting <u>Flores–Ortega</u>, the Fourth Circuit has observed that "[i]n determining whether a rational defendant would have wanted to appeal, we consider important the facts concerning whether the defendant's conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights." <u>United States v. Cooper</u>, 617 F.3d 307,

313 (4th Cir. 2010). A movant's acceptance of a guilty plea is "a highly relevant factor" in determining whether a failure to consult was professionally unreasonable, "because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. The Fourth Circuit has also held "that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007). This obligation requires counsel to file an appeal "even if doing so would be contrary to the plea agreement and harmful to the client's interests." Id. at 273.

In Nguyen's case, it is likely that any appeal of his sentence would be summarily dismissed because in his plea agreement, he knowingly and voluntarily waived his right to appeal the conviction and any sentence within the statutory maximum, which in this case is 40 years. Plea Agrmnt. [Dkt. No. 162] ¶ 6. During the plea colloquy, Nguyen affirmed he understood that he would be unable to appeal his sentence for any reason so long as the Court did not sentence him to more than 40 years in prison. Plea Hr'g Tr. at 17:3–8. Moreover, the sentence he received was significantly less than the 120 months the government wanted and the Sentencing Guidelines range of 97 to 120 months as calculated in the PSR. Under these facts, it is highly unlikely that a reasonable defendant would have wanted to appeal the sentence.

Regardless of the benefit he received at the sentencing hearing, Nguyen states in his affidavit that he told Amolsch he wanted to appeal his sentence right after the sentencing hearing was over. He states that "defense counsel told him that he cannot appeal by virtue of the Plea Agreement" and then "left the courtroom." Reply at 6. In his affidavit, Amolsch declares that he

has "no memory of Mr. Nguyen asking me to file an appeal nor do I have anything in my file from Mr. Nguyen asking me to file an appeal." Amolsch Aff. ¶ 4.

Normally, conflicting affidavits require an evidentiary hearing to determine which affiant is credible; however, courts may make "credibility determinations based on competing affidavits in certain circumstances." Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007). Although Amolsch's affidavit "could have been bolstered significantly by additional details," Resp. U.S. Opp'n Def.'s Mot. 28 U.S.C. § 2255 ("Opp'n") [Dkt. No. 222] at 10, Nguyen's affidavit has numerous inconsistencies. Therefore, on this record, it is clear that Amolsch's affidavit is far more credible.

There are multiple representations in Nguyen's affidavit which demonstrate the unreliability of his statements. For example, he claims that he was told that the government "struck out" the enhancement for a managerial or supervisory role from the plea agreement. Nguyen Aff. [Dkt. No. 224-1] ¶ 1. This statement is contradicted by the record. Both the plea agreement itself and the statement of facts contain a stipulation to Nguyen's managerial or supervisory role in the conspiracy. Plea Agrmnt. ¶ 5(b); Stmt. Facts ¶ 4. Moreover, the Court explicitly asked Ngueyn whether he understood that the plea agreement stated that he was a manager or supervisor of the conspiracy, and he responded affirmatively. Plea Hr'g Tr. at 12:7-13. Nguyen also avers that Amolsch told him that his sentencing range would be 40 to 60 months, Nguyen Aff. ¶ 2, which Amolsch directly refutes, stating that he informed Nguyen that 60 months was the minimum sentence he could receive, not the maximum. Amolsch Aff. ¶ 2. In addition, Nguyen claims that he would have gone to trial rather than plead guilty for "more drugs and/or for any enhancement for leadership." Nguyen Aff. ¶ 3. This is contradicted by Nguyen's

10

own claim that he "was trying to [sic] plea guilty from the very beginning of his case" and that his "decision to [sic] plea guilty was a rational decision." Reply at 12.

Nguyen's decision to plead guilty was indeed a rational one. The government has "pointed to about ten additional levels of Guideline factors that could have been applied," including "use of juveniles, a greater drug quantity, and gun possession," going so far as to describe the drug quantity agreed to in the plea agreement as "woefully understated." Opp'n at 4; Sent. Hr'g Tr. at 10:20. When there was disagreement over whether Nguyen had accepted responsibility, the Court continued the sentencing hearing for one month to give Nguyen additional time to cooperate with the government. Even though the government insisted that Nguyen had not fully cooperated, he received the two-level credit for acceptance of responsibility. Sent. Hr'g Tr. at 8:20-21. Therefore, Nguyen has failed to convince the Court that a rational defendant would have requested to appeal such a sentence.

### III. CONCLUSION

Nguyen's affidavit is inherently incredible and he has failed to provide any credible evidence that he asked Amolsh to file an appeal. Moreover, an evidentiary hearing would not aid the decisional process and would be a waste of court resources. For all these reasons, Nguyen's Motion to Vacate will be dismissed by an appropriate Order to issue with this Memorandum Opinion.

Entered this 29 day of October, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge